IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

OMNISOURCE CORPORATION,

                Plaintiff,

-vs-

LUCAS COUNTY SOLID WASTE,
MANAGEMENT DISTRICT,

                Defendant.

Case No. 3:04 CV 7046

MEMORANDUM OPINION

KATZ, J.

Pending before the Court is the Report and Recommendation ("R& R") of Magistrate Judge Patricia A. Hemann, (Doc. No. 35) in which the recommendation has been made to this Court to overrule Plaintiff's motion for summary judgment (Doc. No. 28), grant Defendant's motion for summary judgment (Doc. No. 25), and grant Plaintiff's motion for leave to amend (Doc. No. 29). Plaintiff, OmniSource Corporation ("OmniSource") has filed its objections to that R & R, as to which Defendant Lucas County Solid Waste Management District, ("District") has filed an opposition.

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's recommendations and has considered Plaintiff's objections and Defendant's opposition thereto. For the following reasons, the Court finds Plaintiff's objections are not well taken and adopts the Report and Recommendation in its entirety.

**BACKGROUND**

Plaintiff, OmniSource, operates a scrap metal processing facility in Toledo, Ohio, which includes the shredding of automobiles to recover and sell usable scrap metals and other materials. That operation produces what the Court generally will refer to as waste in the form of Auto Shredder Residue ("ASR"), consisting of foam, textiles, plastics and other non-metallic materials. The facility produces 80,000 to

100,000 tons of ASR annually.

On January 28, 1993, the District entered into a Solid Waste Disposal and Guaranty Agreement ("Agreement") with the predecessor of Republic Services, a Michigan limited liability corporation ("Republic"). Among other things the Agreement provides that the landfills operated by Republic will collect fees for the District on solid waste generated within Lucas County, Ohio, and delivered to the landfills for disposal. In return the District approved the landfills for disposal of solid waste generated in Lucas County.

On May 1, 2003, OmniSource entered into a contract with Republic wherein it agreed to sell 100% of its ASR to Republic at a price of $.50 per ton. OmniSource and Republic also entered into a contract whereby Republic collects and transports ASR from the facility to its Carleton, Michigan landfill at a rate of $6.25 per ton. Previously, Plaintiff had disposed of the ASR it generated at its Toledo facility through another landfill operated by Browning-Ferris Industries, ("BFI")for which it paid BFI $9.35 per ton to collect the ASR at the OmniSource facility in Toledo, transport it to the BFI landfill and deposit it there.

On January 30, 2004, Plaintiff herein filed a complaint alleging that the District violated OmniSource's rights protected under the Commerce Clause of the United States Constitution to sell and move goods in interstate commerce; that claim is raised pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory judgment that the ASR is not solid waste subject to the District's regulatory authority within the meaning of O.R.C. § 3734.01(E). It also seeks a permanent injunction prohibiting the District from classifying the ASR as solid waste and from interfering with OmniSource's sale of ASR as a useful commodity in interstate commerce. Lastly, OmniSource seeks a declaratory judgment of the contracts the District entered into designating certain landfills which may accept solid waste pursuant to Ohio law as null and void. The District and OmniSource have moved for summary judgment as to the single issue of whether ASR is solid waste subject to disposal fees levied by the District.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and

identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## DISCUSSION

The gravamen of the objection to the Magistrate Judge's R & R is her classification of the ASR as "solid waste". OmniSource contends that, while the ASR is not exempted from the provisions of Section 3437.01(E), that material does not fit within the statutory definition of solid waste. In its objections Omnisource asserts that the Magistrate Judge failed to determine that its ASR is not a "residual" material, thus failing to come within the Ohio definition of solid waste. Clearly, it is residual as to the recycling of the automobiles; OmniSource retains all except the ASR for its scrap metal recycling purposes. The remainder of the ASR is, therefore, a residual material which is not utilized by OmniSource for any purpose, but is sold or disposed of to Republic. OmniSource pays Republic $6.25 per ton to haul the ASR to its landfill, for which Republic pays OmniSource $.50 per ton. Whether it is "wanted" material by Republic is beside the point; it is whether under Ohio law the material is "unwanted" from the generator's point of view. This Court agrees with the Magistrate Judge that it is unwanted by OmniSource.

The last significant argument by OmniSource is that the District's fees apply only to material that is disposed of and that its ASR is not disposed of at the Republic facility but instead is used for "cover". The definition in the Ohio Revised Code is that placing the material on the land is a form of "disposal". The material, ASR, is not recycled into anything which is usable and is merely being placed on top of the landfill. If one would follow OmniSource's argument, it would permit anything to be ground up and spread on top of a pile of material and be deemed recycled product, thus to avoid the definition of disposed material as long as it was not degradable. In short, nothing which has been articulated by OmniSource and no cases cited by the parties militate against the conclusion reached in the well- reasoned Report and Recommendation of Magistrate Judge Hemann.

The Court has also considered the issue of granting Plaintiff the right to file an amended complaint and finds that the claims of the District with regard to the prejudicial aspect of the proposed amended complaint are not supported by any facts cited by Defendant. The Court will take OmniSource at its word

that the proposed amendment raises an issue of a purely legal nature which requires no additional discovery and will grant OmniSource's motion to amend.

## CONCLUSION

For the reasons stated above and those more extensively articulated in the Magistrate Judge's Report and Recommendation, the R & R is adopted in its entirety. Plaintiff's motion for summary judgment (Doc. No. 28) is denied; Defendant's motion for summary judgment (Doc. No. 25) is granted and Plaintiff's motion to amend (Doc. No. 29) is granted. Such amended complaint shall within ten (10) days of the date of this order.

IT IS SO ORDERED.

  S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE