IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

OMNISOURCE CORPORATION,

                Plaintiff,             Case No. 3:04 CV 7046

   -vs-

                                              <u>MEMORANDUM OPINION</u>

LUCAS COUNTY SOLID WASTE
MANAGEMENT DISTRICT,

                Defendant.

KATZ, J.

Before the Court is Plaintiff Omnisource Corporation's motion for voluntary dismissal without prejudice of this case, as to which Defendant has filed a memorandum in opposition and Plaintiff a response to that opposition. For the reasons that follow, Plaintiff's motion will be granted.

While it is true generally that Courts are loathe to dismiss cases which have been pending for the length of time that this case has been on the docket, it is also axiomatic that where the Court is made aware that it has no subject matter jurisdiction to consider Plaintiff's complaint, dismissal is appropriate at any time during the litigation process, including while pending before the United States Supreme Court after the grant of a writ of certiorari. *See DaimlerChrysler, Inc. v. Cuno*, ___ U.S. ___ , 126 S.Ct. 1854, 164 L.Ed. 2d 58 (2006). Plaintiff relies upon the Tax Injunction Act, 28 U.S.C. § 1341 to support its motion to dismiss without prejudice due to lack of jurisdiction and permit it to pursue the same in state court where it asserts that jurisdiction is appropriate.

This action was brought seeking declaratory and injunctive relief to prohibit the Defendant District from levying a $3.00 per ton solid waste management fee on the Plaintiff's automobile shredder residue which is delivered to a landfill operation in the State of Michigan. Plaintiff sets

forth in its initial memorandum in support of this motion at Section II, the basic facts underlying this case.

> Section 1341 provides that:
>
> The district court shall not enjoin, suspend or restrain the assessment, levy or collection or any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

That language operates as a bar to federal jurisdiction. *See Wenz v. Rossford Ohio Transp. Improvement Dist.,* 392 F.Supp.2d 931, 935 (N.D. Ohio 2005)(Katz, J.). "The TIA has . . . been broadly interpreted to bar suits for declaratory relief, injunctive relief as wall as monetary relief when there is an adequate remedy in state court." *Id.*

The central issue in this case is whether the *fee* levied by the District pursuant to Ohio Revised Code § 3734.573 on solid waste generated within the District and delivered to a landfill for disposal is, in fact, a tax. The parties disagree as to the proper characterization of the fee.

In this Circuit there is precedent which holds that fees levied by Ohio Solid Waste Management Districts pursuant to the Ohio Revised Code are, in fact, taxes for the purposes of the Tax Injunction Act where utilized for general public purposes. *American Landfill Co. V. Stark/Tuscarawas/Wayne Joint Solid Waste Mgmt. Dist.,* 166 F.3d 835, 840 (6th Cir. 1999). Additionally, this Court stated in *Wenz, supra,* "State remedies are plain, adequate and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to the tax."

The Defendant in its memorandum opposing Plaintiff's motion asserts that the Tax Injunction Act is not applicable to this case because the assessment is a fee rather than a tax. Defendant asserts that Plaintiff's reliance on *American Landfill* is misplaced because that case was decided in reference to disposal fees under the provisions of O.R.C. 3734.57(B), while the District's

contract disposal fee here involved a surcharge levied pursuant to Section 343.022. However, while the fees are levied and collected pursuant to those Sections, the District's solid waste generation fees are permitted to be used for the purposes set forth in Section 3734.57(G)(1) through (10). The solid waste fees in *American Landfill* were levied under O.R.C. 3734.57(D), but the purposes for which those fees could be expended are set forth in O.R.C. 3734.57(G)(1) through (10). In this instance, Defendant's fees were levied pursuant to O.R.C. 3734.573, but, as with the *American Landfill* disposal fee, the funds collected from those fees may be expended only for the purposes specified in 3734.57(G)(1) through (10).

Reliance on O.R.C. 343.022(A) alone is misplaced by the Defendant; that section fails to authorize the District to levy a third type of fee which is different from either the generation or disposal fee.

The Court agrees that the fees levied by the District in this case and those by the District in *American Landfill* are all authorized under the same piece of legislation and are all required to be used for exactly the same public purposes that are listed in Section 3734(G)(1) through (10). Because the purposes for which the fee is utilized in this case is a public purpose or purposes, that fee equates to a tax for purposes of consideration under the Tax Injunction Act.

Irrespective of the merits or lack thereof of Plaintiff's claim or Defendant's position with regard to that claim, this Court cannot in the first instance consider the competing claims of the parties for it lacks subject matter jurisdiction. Thus, in order to prevent that which occurred in *Cuno*, protracted litigation ultimately resulting in no decision on the merits, the Court will grant Plaintiff's motion and dismiss this case without prejudice.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

3